IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL R. RAY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:04-CV-0482-JOF |
| EQUIFAX INFORMATION : | |
| SERVICES, LLC, et al., : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

This matter is before the court on Plaintiff's motion for judicial notice [107-1]; Plaintiff's motion for order [114-1]; Defendant Capital One Bank's motion for sanctions [116-1]; Plaintiff's motion for an extension of time to complete discovery [128-1]; Plaintiff's motion for an extension of time to respond to Defendants' motions for summary judgment [135-1] and motion for extension of time to complete discovery [135-2]; and Plaintiff's motion to compel [136-1].

**I.   Background**

Plaintiff, Michael Ray, proceeding *pro se*, filed a complaint on February 5, 2004, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, by Defendants Equifax Information Services LLC, On-Line Information Services, Inc., Capital One Bank,

AO 72A
(Rev.8/82)

MBNA America Bank, N.A., Nationwide Credit, and Anderson Financial Network, Inc. Plaintiff also raised claims of negligence, breach of fiduciary duty, breaches of the duties of loyalty and trust, and violations of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 *et seq.* Previously, the court dismissed On-Line Information Services, Inc., Anderson Financial Network, Inc., and Nationwide Credit. Also, in an order dated March 4, 2005, the court dismissed Plaintiff's negligence, breach of fiduciary duty, duty of loyalty, and duty of trust claims against Equifax, as well as his claim under 15 U.S.C. § 1681i(a). Finally, on September 21, 2005, the court granted the parties' joint motion to dismiss Defendant Capital One with prejudice in light of their settlement agreement. As such, the court DENIES AS MOOT Defendant Capital One Bank's motion for sanctions [116-1].

## II.   Discussion

### A   Discovery

On June 13, 2005, Plaintiff filed a motion seeking permission from the court to serve an additional thirty-two interrogatories on Defendants. In his motion, Plaintiff contends that the additional requests are necessary based on information provided by Defendants in the initial round of discovery. The court has reviewed Plaintiff's proposed interrogatories, however, and none refers to previous information provided by Defendants. Some, in fact, are repetitious of his previously served (and answered) discovery requests. Many appear to be boilerplate interrogatories not suited for a complaint brought pursuant to the Fair Credit Reporting Act. Furthermore, some of the additional requests relate to Plaintiff's

2

reinvestigation claim under 15 U.S.C. § 1681i(a), previously dismissed by the court. Finally, Plaintiff does not explain why any of the information sought in these interrogatories is necessary to the prosecution of his lawsuit. Because Plaintiff has not demonstrated any need to serve additional discovery beyond that which is provided for in the Federal Rules of Civil Procedure, the court DENIES Plaintiff's motion for order allowing Plaintiff to serve additional interrogatories [114-1].

Discovery in this case ended on July 26, 2005. *See* Order, dated April 26, 2005 (granting FINAL EXTENSION of discovery). On July 27, 2005, Plaintiff filed a motion for an extension of time to complete discovery. Plaintiff contends that additional discovery is necessary because the parties are actively engaged in the discovery process, two motions to compel are outstanding, and Defendants did not file their answer to Plaintiff's complaint until April 2005. The court notes, however, that at the time Plaintiff filed this motion, no motions to compel were outstanding. Plaintiff had served at least one (and for some defendants, two) sets of written discovery on all defendants and received responses.

Plaintiff contends that he is at a disadvantage because he is incarcerated and does not have access to the telephone or the Internet. He also argues he does not have a staff to assist him in the investigation of the matters raised in his complaint. However, in light of these circumstances, the court already granted Plaintiff's two previous requests for an extension of discovery, including increasing the initial discovery track from four to eight months. In its April 26, 2005 order, the court indicated the third extension (through July 26, 2005) would

be final. None of the arguments raised in Plaintiff's motion for discovery convinces the court that additional time is necessary, particularly where Plaintiff does not ever indicate to the court what information he believes he still needs from Defendants in order to prosecute his claim. Accordingly, the court DENIES Plaintiff's request for an extension of discovery [128-1].

On August 24, 2005, Plaintiff filed a motion to compel responses from MBNA and Equifax. In support of this motion, next to those responses Plaintiff contends are incomplete, he places an "e" for evasive, an "i" for insufficient, or an "m" for misleading. As an initial matter, Plaintiff's motion is untimely. Under this court's local rules, motions to compel must be filed "within the time remaining prior to the close of discovery, or if longer, within ten (10) days after service of the disclosure or discovery response upon which the objection is based." *See* LR 37.1. Plaintiff's motion relates to discovery responses that were provided on May 2, 2005. Discovery closed on July 26, 2005. At the latest, Plaintiff's motion to compel had to be filed by July 26, 2005. Plaintiff signed his motion on August 8, 2005, and it was received by the Clerk's Office on August 24, 2005. Thus, it is untimely. Furthermore, Plaintiff's "coding" system does not comply with the procedural requirements of Rule 37 because it does not set forth with any specificity the basis upon which he contends the response is insufficient. *See* LR 37.1(a). Plaintiff's statements of "evasive," "insufficient," and "misleading" are simply too vague to be of any use in determining the adequacy of Defendants' responses.

4

Plaintiff also contends that because the court did not grant his request for a Rule 26(f) in-person conference (in light of his incarceration, among other things), he was not able to confer about the alleged deficiencies in Defendants' responses. However, Plaintiff has proven through the course of this litigation that he is more than capable of filing and communicating with the court and opposing parties. In fact, Plaintiff did have the opportunity to write to Defendants to explain his concerns about their discovery responses, and Defendants responded. The court finds the fact that he did not meet Defendants at an in-person conference did not hamper the discovery process in this litigation. For the foregoing reasons, the court DENIES Plaintiff's motion to compel [136-1].

On May 31, 2005, Plaintiff filed a motion for the court to take judicial notice of his credit report from Experian dated May 6, 2005. Plaintiff contends in the motion that because the United States Bankruptcy Court regularly provides information to credit reporting agencies, MBNA should have had the same information as Experian. Defendants Equifax and MBNA oppose Plaintiff's motion stating that such information does not come within the scope of Federal Rule of Evidence 201.

Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *Id.*; *see also Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.2d 1197, 1204-05 (11th Cir. 2004) ("Judicial notice

5

is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence."). Taking of judicial notice should be highly limited because it bypasses general safeguards involved in proving facts by competent evidence. *Id.* at 1205.

Here, Plaintiff asks the court to take judicial notice of the fact that bankruptcy courts regularly provide information to credit reporting agencies and also of the facts contained in a May 6, 2005 credit report issued by Experian. The court concludes that neither of these issues fits within the category of information contemplated by Federal Rule of Evidence 201(b) because they are not generally known within the territorial jurisdiction and are not readily determined from accurate sources. Accordingly, the court DENIES Plaintiff's motion for judicial notice [107-1].

AO 72A
(Rev.8/82)

### B.    Motions for Summary Judgment

On August 15, 2005, Defendants MBNA and Equifax filed motions for summary judgment. On August 25, 2005, Plaintiff filed a motion for an extension of time to respond to Defendants' motions for summary judgment and a motion to reopen discovery. As the court explained above, the final extension of discovery expired on July 26, 2005. The court denied Plaintiff's motion to extend the discovery period and for the same reasons DENIES Plaintiff's motion to reopen discovery [135-2]. In his motion for an extension of time to respond to Defendants' motions for summary judgment, Plaintiff points to his outstanding motion to compel. As the court explained above, that motion to compel has been denied.

Plaintiff states that he cannot respond to Defendants' motion for summary judgment because he does not know the names of the employees or staff who dealt with "these matters."[1]  Plaintiff also avers that he has no information about "related matter" litigation which he needs to establish a pattern and practice regarding Defendants' alleged violations.

Under Rule 56(f), a plaintiff must set forth in an affidavit with particularity those facts he expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment. *See Harbert International, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). The court finds that Plaintiff's references to staff members and

---

[1] He also contends he has not received documents from Equifax. The court notes, however, that in a letter dated June 1, 2005, counsel for Equifax agreed to produce documents to Plaintiff once it received payment of $34.25 to cover costs of duplication of the documents. Defendant MBNA produced 172 pages of documents to Plaintiff.

related matter litigation are not sufficient under Rule 56(f) because they do not show how discovery on these matters could create a genuine issue of material fact. For example, Plaintiff does not explain how the identification of employees is relevant to his remaining claim under the FCRA or South Carolina's unfair trade practices act.

Defendant Equifax moved for summary judgment contending that Plaintiff cannot show (1) inaccurate information in his credit report, (2) that any inaccuracy was due to Equifax's failure to follow reasonable procedures, (3) injury suffered by him, or (4) injury caused by the inclusion of inaccurate information in his credit report. *See*, *e.g.*, *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996).

Defendant MBNA moved for summary judgment arguing that (1) it is not a credit reporting agency under the FCRA, (2) Plaintiff has not demonstrated that MBNA, in its capacity as an information provider, acted with malice or willful intent to injure, (3) MBNA and Plaintiff are in an arm's length relationship, and thus, Plaintiff's breach of fiduciary duty and associated claims fail, and (4) Plaintiff has not demonstrated any damages. Defendant MBNA further contends that at the time MBNA made its last reports to credit agencies concerning Plaintiff's account in May and June of 1999, the information reported was accurate. MBNA then sold Plaintiff's accounts to North American Capital Corp. and Credit Trust and no longer owned those accounts at the time Plaintiff filed for bankruptcy. Particularly with respect to the alleged injury suffered by Plaintiff, if information to respond to this motion for summary judgment exists, it is within the hands of Plaintiff.

As the court ruled above, discovery is closed. Plaintiff has not satisfied the requirements of Rule 56(f) to allow for additional discovery before responding to Defendants' motions for summary judgment. Accordingly, the court DIRECTS Plaintiff to respond to Defendants' motions for summary judgment within thirty (30) days from the date of this order. There will be no extensions. The court cautions Plaintiff that failure to respond to Defendants' motions could result in sanctions up to and including dismissal of his complaint for failure to prosecute.

## III.   Conclusion

The court DENIES Plaintiff's motion for judicial notice [107-1]; DENIES Plaintiff's motion for order [114-1]; DENIES AS MOOT Defendant Capital One Bank's motion for sanctions [116-1]; DENIES Plaintiff's motion for an extension of time to complete discovery [128-1]; DENIES Plaintiff's motion for an extension of time to respond to Defendants' motions for summary judgment [135-1] and DENIES motion for extension of time to complete discovery [135-2]; and DENIES Plaintiff's motion to compel [136-1].

Plaintiff is DIRECTED to respond to Defendants' motions for summary judgment within thirty (30) days from the date of this order. The Clerk of the Court is DIRECTED to resubmit this matter to the court at that time.

**IT IS SO ORDERED** this 22nd day of November 2005.

                                                      s/ J. Owen Forrester
                                                     J. OWEN FORRESTER
                                   SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)