# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MICHAEL R. RAY, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:04-CV-0482-JOF
EQUIFAX INFORMATION :
SERVICES, LLC, et al., :
:
    Defendants. :

## OPINION AND ORDER

The instant matter is before the court on Plaintiff Michael Ray's Motion to Enforce the Settlement Agreement Between Defendant Capital One Bank and Plaintiff Regarding Forgiveness of Restitution [253].[1]

The instant dispute arises out of litigation begin Plaintiff and Defendant in 2004-2005 involving Defendant's obligations to Plaintiff under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*[2] On August 22, 2005, the parties entered into a settlement agreement

---

[1] For good cause, the court GRANTS Defendant Capital One Bank's Motion for Leave to File Surreply [260].

[2] The factual history of Plaintiff's FCRA dispute is well documented in the court's summary judgment order of February 15, 2008 [230].

resolving all claims arising out of that litigation. As part of the settlement agreement, Defendant agreed

> subject to any required approval of any necessary court(s) and/or governmental agency(ies), [to] forgive and forego collection of the restitution debt owed by Ray to Capital One pursuant to the disposition of Ray's criminal action styled *U.S. v. Ray*, United States District Court for the District of South Carolina, Florence Division, Criminal Action No. 4:02-cr-00687-TLW-ALL.

(Agreement [258] §1(A)(ii)).

Following the execution of the settlement agreement the parties filed a joint motion in *U.S. v. Ray* on October 25, 2004, requesting that the court amend the criminal restitution order and eliminate the restitution debt owed to Defendant. On April 22, 2008, the criminal court denied the parties' motion citing *U.S. v. Richard B. Maestrelli*, 156 Fed. Appx. 144 (11th Cir. 2005) (finding settlement agreement did not warrant change in restitution), and *U.S. v. Ronald M. Turner*, 312 F.3d 1137 (9th Cir. 2002) (finding district court erred in adjusting restitution based on private agreement).

Plaintiff filed the instant motion on October 22, 2008. Plaintiff asks the court to enforce the settlement agreement by requiring that Capital One take whatever steps are necessary in order to ensure Plaintiff does not have to pay the relevant restitution. In the alternative, Plaintiff contends that the court may rescind the agreement on grounds of mutual mistake or public policy. Plaintiff insists that both parties were mutually mistaken in their belief that the sentencing court would eliminate Plaintiff's obligation to pay restitution to

2

Capital One. Plaintiff avers that the term in the settlement agreement indicating that the restitution would be "forgiven" is void against public policy.

The court is unpersuaded by Plaintiff's arguments. First, the plain language of section 1(A)(ii) of the settlement agreement indicates that the only obligation that Defendant incurred was the obligation to forgive and forego collection of Plaintiff's restitution debt after the district court granted the parties' joint motion to eliminate the restitution debt. In the absence of the "approval of any necessary court(s) and/or governmental agency(ies)," Defendant had no obligation to do anything. Second, any "mutual mistake" that might have occurred here would have been a mistake of law which cannot serve as the basis for rescinding the settlement agreement. *See Jennings v. Jennings*, 12 Va. App. 1187, 1192 (1991) ("relief will not be granted where the parties, operating with knowledge of all material facts, enter the agreement under a mutual mistake of law").[3] Third, the settlement agreement cannot violate public policy when it explicitly provides for approval by the relevant judicial and administrative bodies before Defendant will forgive the restitution.

---

[3]The settlement agreement provides that it shall be governed and interpreted under Virginia law. (Agreement [258] ¶ 10).

A mistake of law may be grounds for rescission of a contract when one party has knowingly taken advantage of another party's ignorance of the law for fraud. *Jennings*, 12 Va. App. at 1191. Here, there is no evidence before the court that Capital One was aware in August of 2005 that the sentencing court certainly would not grant its joint motion to modify the restitution order. Such a conclusion is supported by the fact that *Maestrelli* on which the sentencing court so heavily relied was not issued until November 2005, three months after the parties signed the settlement agreement.

3

Finally, the settlement agreement contains a severance clause which ensures that even if the court were to find section 1(A)(ii) to be invalid, void, or unenforceable, the remainder of the agreement would remain viable. (Agreement [258] ¶ 10).

For the above reasons, the court DENIES Plaintiff's Motion [253].

**IT IS SO ORDERED** this 14th day of April 2009.

                                                         s/ J. Owen Forrester
                                                      J. OWEN FORRESTER
                                  SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)